UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL WEATHER SERVICE
EMPLOYEES ORGANIZATION, et al.,

    Plaintiffs,

  v.

DONALD J. TRUMP,
President of the United States, et al.,

    Defendants.

Civil Action No. 25-2947 (PLF)

## **DEFENDANTS' OBJECTION TO NOTICE OF RELATEDNESS**

Plaintiffs are two unions, the National Weather Service Employees Organization and the Patent Office Professional Association. The former allegedly represents employees of the National Oceanic and Atmospheric Administration, including in the National Environmental Satellite, Data, and Information Service ("National Satellite Information Service") and National Weather Service. Compl. (ECF No. 1) ¶ 4. The latter allegedly represents professional employees of the U.S. Patent and Trademark Office ("Patent Office"). *Id*. ¶ 5. They challenge a "new Executive Order" issued August 28, 2025, specifically, Executive Order 14,343, Further Exclusions from the Federal Labor-Management Relations Program (the "Further Exclusions Order"), as ultra vires and as a violation of the First and Fifth Amendments. Compl. (ECF No. 1) ¶ 40; *id.* at 23-29.

Plaintiffs have designated this case as related to five earlier filed cases—all concerning a different Executive Order (Executive Order 14,251) issued at different time (March 2025)—that are still pending in this Court, as well as an earlier filed case about Executive Order 14,251 pending in the United States District Court for the Northern District of California. *See* Notice (ECF No. 2)

at 2.  Defendants object to the related-case designation.[1]  For reasons discussed below, this Court should not deem this case related to those identified in Plaintiffs' Notice and the case should be transferred to the Calendar and Case Management Committee for random reassignment pursuant to Local Civil Rule 40.5(c).

"The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned." *Tripp v. Exec. Off. of President*, 196 F.R.D. 201, 202 (D.D.C. 2000). The random-assignment default rule "guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Id*. To deviate from the default, a party must show that an exception under Local Civil Rule 40.5—which "rests primarily on considerations of judicial economy"—applies. *Tripp*, 196 F.R.D. at 202. "The party requesting the related-case designation bears the burden of showing that the cases are related[.]" *Trump v. Comm. on Ways & Means*, 391 F. Supp. 3d 93, 95 (D.D.C. 2019). Plaintiffs have not carried that burden here.

Here, Local Civil Rule 40.5(a)(3) governs. That subsection provides in relevant part that civil cases are "deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction." LCvR 40.5(a)(3); *see also Wilderness Soc'y v. Bernhardt*, Civ. A. No. 20-1176, 2020 WL 2849635, at *1 (D.D.C. June 2, 2020).  Citing the latter two requirements of Local Civil Rule 40.5(a)(3), Plaintiffs claim that this case is related to the following: (1) *National Treasury Employees Union v. Trump*, Civ. A. No. 25-0935 (PLF) (D.D.C. filed Mar.

---

[1] Undersigned counsel is appearing in this matter for purposes of responding to the notice of relatedness filed by Plaintiffs.  In doing so, Defendants do not waive the requirement for formal service of the summons and Complaint, or any defenses under the Federal Rules of Civil Procedure and any other applicable law.

31, 2025) ("*NTEU*"); (2) *American Foreign Service Ass'n v. Trump*, Civ. A. No. 25-1030 (PLF) (D.D.C. filed Apr. 7, 2025) ("*AFSA*"); (3) *American Federation of Government Employees v. Trump*, Civ. A. No. 25-3070 (N.D. Cal. filed Apr 03, 2025) ("*AFGE*"); (4) *Federal Education Ass'n v. Trump*, Civ. A. No. 25-1362 (PLF) (D.D.C. filed May 5, 2025) ("*FEA*"); (5) *American Federation of Labor-Congress of Industrial Organizations v. Trump*, Civ. A. No. 25-2445 (PLF) (D.D.C. filed Jul. 29, 2025) ("*AFL-CIO*"); and (6) *National Association of Agricultural Employees v. Trump*, Civ. A. No. 25-2657 (PLF) (D.D.C. filed Aug. 13, 2025) ("*NAAE*"). *See* Notice (ECF No. 2) at 1-2.

But that designation is not warranted for two threshold reasons. First, the cases identified in Plaintiffs' Notice challenge Executive Order 14,251 issued on March 27, 2025, whereas this case involves a "new Executive Order," specifically, the Further Exclusions Order issued on August 28, 2025. Compl. (ECF No. 1) ¶ 40. Second, the factual basis between this case and the prior cases also is distinct. As is relevant to the instant case, the "new" Executive Order exempts from coverage of the Federal Service Labor-Management Relations Statute two subdivisions of the National Oceanic and Atmospheric Administration—the National Satellite Information Service and National Weather Service—as well as the "Office of the Commissioner for Patents and subordinate units, Patent and Trademark Office." Plaintiffs allege that the grounds for these exclusions are "spurious" and, to support that assertion, rely on a White House Fact Sheet issued on August 28, 2025, that Plaintiffs contend mischaracterizes the role of the National Satellite Information Service, the National Weather Service, and the Patent Office. Compl. (ECF No. 1) ¶ 43 (alleging that the August 28, 2025, Fact Sheet contains "spurious reasons why these additional agencies were exempted"). For instance, the Patent Office Professional Association asserts that the Patent Office "does *not* assess whether the release of patent applications could harm national

security," alleging that "the screening of the patent applications for referral to the defense agencies [under the Invention Security Act] is an ancillary duty of just 26 patent examiners." *Id.* ¶ 45. For its part, the National Weather Service Employees Organization takes issue with what it views as an assertion in the Fact Sheet that the National Weather Service "provide[s] the military with weather forecasts for military operations." *Id.* ¶ 46.

Thus, this case does not "grow out of the same event or transaction" as the prior cases but out of a new Executive Order that had not been issued at the time of those prior cases. *Compare AFL-CIO v. Trump*, Civ. A. No. 25-2445 (PLF), 2025 U.S. Dist. LEXIS 154587, at *8 (D.D.C. Aug. 11, 2025) (finding *AFL-CIO* to be related to the prior cases because "all of the cases 'grow out of the same event or transaction' . . . [they] each involve challenges to the *same* Executive Order in the labor-management relations and collective bargaining context, and, as a result, the *same* determination by the President that a large swath of the federal government workforce should not be covered by the FSLMRS or the related Foreign Service Labor-Management Relations Statute." (emphasis added)).

This case also does not involve "common issues of fact" but distinct facts unique to these specific agencies or agency subdivisions. Plaintiffs attempt to support their allegations based on a White House Fact Sheet issued August 28, 2025, whereas the prior cases rely on a different Fact Sheet and Office of Personnel Management ("OPM") guidance issued months earlier. *Compare AFL-CIO*, 2025 U.S. Dist. LEXIS 154587, at *9 (finding *AFL-CIO* to "involve very similar sets of facts" to the prior cases because the "cases essentially rely on the same evidence," namely the earlier Fact Sheet and OPM guidance).

The situation here is analogous to *Jenner & Block v. Department of Justice*, Civ. A. No. 25-0916 (BAH), 2025 WL 942426 (D.D.C. Mar. 28, 2025), where the Court deemed unrelated

under Local Civil Rule 40.5(a)(3) two cases that challenged different Executive Orders that allegedly "targeted" different law firms in "similar ways" but that were alleged to be "punitive" for reasons that did not entirely overlap. *Id.* at *1. The Court found the cases unrelated because, although they "both challenge[d] Executive Orders carrying similar punitive measures and thereby raise[d] similar questions of law, strict adherence to the normal process of random case assignment is crucial to ensure 'fair and equal distribution of cases to all judges, avoid[ ] public perception or appearance of favoritism in assignments, and reduce[ ] opportunities for judge-shopping,' . . . and the reasons given to justify these orders do not involve the same underlying events or facts in the way contemplated by LCvR 40.5(a)(3)." *Id*. at *2. That analysis applies equally here.

As in *Jenner & Block*, to the extent there is overlap between this case and the earlier-filed cases, it is in the legal claims asserted (ultra vires and constitutional violations), which raise the question of whether the President exceeded the authority conferred on him by statute to exclude agencies, or agency subdivisions, from labor relations statutes after making certain determinations under the applicable statutes. *See* Exec. Order 14,251, 90 Fed. Reg. 14,553 (Mar. 27, 2025) (citing 5 U.S.C. § 7103(b)(1)) and 22 U.S.C. § 4103(b)); *see also Am. Foreign Serv. Ass'n v. Trump*, No. 25-5184, 2025 U.S. App. LEXIS 15297, at *3-4 (D.C. Cir. June 20, 2025). But that type of overlap is insufficient to satisfy the applicable local rule, which "does not make cases related if they 'involve common issues of law,' only 'common issues of fact.'" *G.Y.J.P. v. Wolf,* Civ. A. No. 20-1511 (TNM), 2020 U.S. Dist. LEXIS 129513, at *3-4 (D.D.C. July 21, 2020). In particular, the First Amendment claims are, as here, framed by the Plaintiffs as being specific to their alleged protected activity. Compl. (ECF No. 1) ¶¶ 34-36. According to the Complaint, National Weather Service Employees Organization officials "have been interviewed in at least 40 news stories in both national and local media concerning" alleged cutbacks to the National Weather Service

workforce. *Id*. ¶ 36. This "press campaign" regarding specific cutbacks is distinct from the alleged "protected activity" at issue in the prior cases. *Compare AFL-CIO*, 2025 U.S. Dist. LEXIS 154587, at *12 (describing the "protected activity" in the prior cases as "the filing of lawsuits against the Administration, the filing of grievances against the agencies, and the public advocacy against many of the same policies of the Administration").

To the extent there are overlapping background facts between this case and the prior cases, Local Civil Rule 40.5 "offers no guidance about how much factual overlap is needed, how similar the underlying facts must be, or what constitutes an event" to warrant a relatedness determination. *Ways & Means,* 391 F. Supp. 3d at 96. As in *Ways & Means*, this case may be considered related in the "colloquial[]" sense but the standard under Local Civil Rule 40.5 is far more strict. Because "[s]crupulous adherence to Local Rule 40.5 is important . . . particularly . . . in high-profile, political cases," the Court in *Ways & Means* ultimately assessed the question to be whether the Court could "foresee a significant savings of judicial resources in keeping both cases assigned to the same judge." *Id*. at 97. Because the Court could not, whatever superficial relatedness the cases might have had was insufficient. *See id.*

In assessing relatedness from the standpoint of judicial economy, it is important to consider the likely course that this case will follow. The cases cited in Plaintiffs' Notice have followed a similar pattern in that the plaintiffs in those cases moved for a preliminary injunction in which they presented to the Court facts specific to themselves attempting to satisfy the applicable standard. *See Nat'l Treasury Emps. Union v. Trump,* No. 25-5157, 2025 U.S. App. LEXIS 11952, at *2-3 (D.C. Cir. May 16, 2025). Although Plaintiffs here have not yet filed a preliminary injunction motion in this case, their Complaint seeks injunctive relief, Compl. (ECF No. 1) at 29-30, and so Plaintiffs can be expected to follow suit. And, to the extent facts are presented by Plaintiffs to try

to satisfy the applicable standard were a motion for preliminary injunction to be filed, those facts necessarily will differ from those presented in the cases from this district cited in Plaintiffs' Notice.

Accordingly, the interests of judicial economy counsel against carving out an exception to the random assignment rule in this case. The Plaintiffs here are different from those in the prior cases and challenge a different Executive Order based on different alleged evidence. Plaintiffs thus are no more prejudiced by a random assignment of their case than the typical plaintiff who files a case in this district. "Though the goal of each Plaintiff [may be] the same[,]. . . sharing the same litigation purpose is not enough to make the cases related." *G.Y.J.P.*, 2020 U.S. Dist. LEXIS 129513, at *5. Thus, to allow Plaintiffs to bypass the random case assignment rule would allow any case that cites Executive Order 14,251 as a background fact to be deemed "related," contrary to the required strict adherence to the rule. For that reason, and because judicial resources will not be conserved by deeming this case related to those identified in Plaintiffs' Notice, this case should be transferred to the Calendar and Case Management Committee for reassignment.

\* \* \*

For the foregoing reasons, the Court should affirm Defendants' objection to Plaintiffs' related case Notice and transfer the case for random reassignment pursuant to Local Civil Rule 40.5(c).

Dated: September 24, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

BRIAN P. HUDAK, D.C. Bar #90034769
Chief, Civil Division


By: _____/s/ Jeremy S. Simon_____
JEREMY S. SIMON, D.C. Bar #447956
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov

*Attorneys for the United States of America*