IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WEATHER SERVICE EMPLOYEES ORGANIZATION, *et al.*, | : : : |
| Plaintiffs, | : : |
| v. | :   Case No. 1:25-cv-02947-PLF : |
| DONALD J. TRUMP, *et al.*, | : : |
| Defendants. | : |

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' OBJECTION TO NOTICE OF RELATEDNESS

Defendants objected to Plaintiffs' notice of related cases, complaining that the instant case challenges Executive Order No. 14,343, *Further Exclusions from the Federal Labor Management Relations Program* (Aug. 28, 2025), whereas the six cases that Plaintiffs designated as related challenge Executive Order No. 14,251, *Exclusions from Federal Labor-Management Programs* (Mar. 27, 2025). ECF No. 12 ("Defs.' Obj.") at 1-5. Disingenuously, that objection ignores the fact that Plaintiffs *in this case* expressly allege that Executive Order 14,251 unlawfully excludes from collective bargaining employees at the Office of the Chief Information Officer ("OCIO") within the United States Patent and Trademark Office ("USPTO"); Plaintiffs also seek an injunction against the implementation of Executive Order No. 14,251. Compl., ECF No. 1.

But even if Plaintiffs had not specifically challenged both orders, the related case designation is proper because Executive Order No. 14,353 is, on its face, an outgrowth of Executive Order No. 14,251, which expressly contemplated further exclusions on alleged national-security grounds and threatened to issue subsequent orders against unions who did not cooperate with the President's agenda. Moreover, the President's purported rationales for both orders are the same. This case and the related cases therefore present common questions of fact and arise out of the same transaction or occurrence under Local Civil Rule 40.5(a)(3).

### A. The Standard for Relatedness Under Local Civil Rule 40.5(a)(3).

Although cases are normally assigned randomly, "[t]he local rules contain an exception… in the interest of judicial economy, for 'related cases.'" *Singh v. McConville*, 187 F. Supp. 3d 152, 155 (D.D.C. 2016). As relevant here, "[c]ivil ... cases are deemed related when the earliest is still pending on the merits in the District Court and they … (ii) involve common issues of fact, or (iii) grow out of the same event or transaction." LCvR 40.5(a)(3). Plaintiffs easily satisfy these relatedness factors for the reasons shown below.

### B. Plaintiffs Have Challenged Both Executive Orders Because the USPTO Has Applied Both to Exclude Employees Represented by Plaintiff POPA.

On August 28, 2025, the USPTO notified Plaintiff Patent Office Professional Association ("POPA") that it was revoking collective bargaining rights for two different offices within the USPTO: (1) the Office of the Commissioner of Patents

2

("Patents"), excluded under Executive Order No. 14,343, and (2) the OCIO, excluded under Executive Order No. 14,251. Compl., ECF No. 1, ¶ 49. USPTO explained to POPA that the exclusion of Patents "builds upon the President's prior determination in Executive Order, Exclusions from Federal Labor-Management Relations Programs, issued on March 27, 2025," which excluded OCIO. Exhibit A (August 28 Notice to POPA of Exclusions). USPTO then announced that it "will no longer recognize POPA as the exclusive representative for employees in Patents and OCIO" and will take other actions to implement the executive orders as to both Patents and OCIO. *Id.* In other words, USPTO implemented the two executive orders *at the exact same time*. And USPTO expressly relied upon guidance issued by the Office of Personnel Management in connection with Executive Order 14,251 to determine how to implement both that order and Executive Order 14,353. *Id.*

Accordingly, Plaintiffs' complaint challenged the exclusion of employees in both Patents and OCIO and expressly sought an injunction against the enforcement of not only Executive Order No. 14,353, but also Executive Order No. 14,251:

- Plaintiffs specifically challenge the exclusion of the OCIO employees under Executive Order 14,251 and allege that both Executive Order 14,251 and Executive Order 14,353 are *ultra vires.* Compl., ECF No. 1, ¶¶ 15, 49, 55-56, 58.

- Plaintiffs' First Amendment retaliation claim relies on allegations that the President made threats the in connection with Executive Order 14,251 and the accompanying Fact Sheet (the President "will not tolerate mass obstruction"

3

such as "widely filing grievances to block Trump policies"). Compl. ¶¶ 63-64. Defendants then carried out those threats in retaliation for Plaintiffs' filing of grievances. *Id.*

- Plaintiffs allege that both Executive Order 14,251 and Executive Order 14,353 constitute viewpoint discrimination. Compl. ¶ 65.

- Plaintiffs allege that Defendants have implemented both Executive Order 14,251 and Executive Order 14,353 in a manner that infringes on Plaintiffs' First Amendment rights. Compl. ¶¶ 65-65.

- Plaintiffs allege that the differential treatment of agencies and certain unions who were not excluded from Executive Order 14,251 demonstrates both that Defendants' actions were *ultra vires* and violated the Fifth Amendment guarantee of Equal Protection. Compl. ¶¶ 18-20, 55, 69-72.

- Plaintiffs' Prayer for Relief requests a declaratory judgment that Executive Order 14,251 as applied to OCIO is unlawful, as well as an injunction against the implementation of Executive Order 14,251 as to OCIO. Compl. Prayer for Relief B, D, & E.

Defendants ignore these allegations and claims for relief related to Executive Order 14,251, which are fatal to their objection to the related case designation. As this Court has already determined in overruling another such objection, different cases challenging Executive Order No. 14,251 are related under Local Rule 40.5(a)(3)(ii) and (iii) where they "all involve (1) challenges to the same Executive Order; (2) the same types of defendants – namely, President Trump and the relevant

4

heads of the agencies where the labor organization plaintiffs' members are employed; (3) the same types of claims; and (4) the same sets of facts and legal theories supporting those claims." *See AFL-CIO v. Trump*, No. 25-2445-PLF, 2025 WL 2301989 (D.D.C. Aug. 11, 2025). Under these circumstances, the cases both present common issues of fact and arise out of the same transaction or occurrence. *Id.; see also Autumn Journey Hospice, Inc. v. Sebelius*, 753 F.Supp.2d 135, 140 (D.D.C. 2010). Defendants' objection to the related case designation fails here for the same exact reasons.

### C. Executive Order No. 14,343 Is Merely an Extension of or Amendment to Executive Order No. 14,251, Which Is Based on the Same Alleged Rationale and Motivated by the Same Anti-Union Animus.

Even if – contrary to the facts here – this case did not directly challenge Executive Order No. 14,251, it would still relate to the cases challenging that order. USPTO correctly acknowledged that Executive Order No. 14,353 "builds upon" Executive Order No. 14,251. Exhibit A. As its title shows, Executive Order No. 14,343, "**Further** Exclusions from the Federal Labor Management Relations Program," is not the first of its kind, but is an outgrowth of Executive Order No. 14,251.

Indeed, Section 7 of Executive Order No. No. 14,251 expressly contemplates further exclusions by instructing the head of each agency with employees covered by the FSLMR Statute to submit a report to the President identifying any additional agency subdivisions for potential exclusion under 5 U.S.C. § 7103(b). Executive Order

No. 14,353 is exactly the type of further exclusion order anticipated by its predecessor.

Moreover, Defendants have provided nearly identical alleged rationales for the two orders. In "Fact Sheets" issued alongside both orders, the White House claimed that it excluded employees from collective bargaining in part because of the restrictions that collective bargaining agreements ("CBAs") allegedly impose on modification of agency employment policies. *Compare* August 28 Fact Sheet[1] (complaining that CBAs "remain in effect until their expiration, limiting agencies' ability to modify policies promptly" and that "even when changes are permissible under CBAs, agencies must complete 'midterm' union bargaining, which can delay the implementation of time-sensitive national security measures") *with* March 27 Fact Sheet[2] (complaining that "[a]gencies cannot modify policies in [CBAs] until they expire" and that "[a]gencies cannot make most contractually permissible changes until after finishing "midterm" union bargaining). And the August 28 Fact Sheet repeats verbatim the assertion from the March 27 Fact Sheet that the exclusions are necessary for the purpose of:

---

[1] *Fact Sheet: President Donald J. Trump Exempts Agencies with National Security Missions from Federal Collective Bargaining Requirements*, (Aug. 28, 2025), https://www.whitehouse.gov/fact-sheets/2025/08/fact-sheet-president-donald-j-trump-exempts-agencies-with-national-security-missions-from-federal-collective-bargaining-requirements-6a95/; *see also* Compl. ¶ 48.

[2] *Fact Sheet: President Donald J. Trump Exempts Agencies with National Security Missions from Federal Collective Bargaining Requirements* (Mar. 27, 2025), https://www.whitehouse.gov/fact-sheets/2025/03/fact-sheet-president-donald-j-trump-exemptsagencies-with-national-security-missions-from-federal-collective-bargaining-requirements/ [https://perma.cc/Y7HR-4W3H].

> **SAFEGUARDING AMERICAN INTERESTS**: President Trump is taking action to ensure that agencies vital to national security can execute their missions without delay and protect the American people. The President needs a responsive and accountable civil service to protect our national security.

*See supra* nn. 1-2. Clearly, the August 28 Fact Sheet derives from the March 27 Fact Sheet, and contrary to Defendants' assertions, Defs.' Obj. at 3-4, this case involves both documents. A thread of retaliatory animus runs through and connects both Fact Sheets. *See* Compl. ¶¶ 64-65. Specifically, the March 27 Fact Sheet attacked unions for filing grievances against Trump administration policies and threatened that the President "will not tolerate mass obstruction." When Plaintiffs filed grievances after March 27, the President issued Executive Order No. 14,353, targeting Plaintiffs for the same spurious reasons he issued Executive Order No. 14,251. As this Court has concluded, reliance on the "same evidence" - the March 27 Fact Sheet – for "almost identical" *ultra vires* and retaliation claims supports a finding that cases are related. *AFL-CIO,* 2025 WL 2301989, at *4.

Finally, Defendants argue that the cases are not related because any motion for a preliminary injunction will necessarily involve an individualized assessment of facts presented by Plaintiffs. Defs.' Obj. at 6-7. But the standard under Local Rule 40.5(a)(3) "only requires that related cases have common issues of fact, not that the facts are identical." *AFL-CIO v. Trump*, No. 25-2445-PLF, 2025 WL 2301989, at *5 (D.D.C. Aug. 11, 2025). "The fact that the Court will conduct an individual analysis with respect to each plaintiff to determine whether each plaintiff is entitled to the relief he seeks does not obviate the need for factual determinations related to the

defendants' regulations and policies, and their administration of those regulations and policies, which are common to both cases."'" *Id.* (quoting *Singh v. McConville*, 187 F.Supp.3d 152, 155-57 (D.D.C. 2016)). Here, the complaint alleges that Defendants issued and implemented Executive Order 14,353 for the same retaliatory reasons as Executive Order No. 14,251, and that both orders invoke the same statutory provision, 5 U.S.C. § 7103(b), in a manner that conflicts with the FSLMR Statute. This case therefore properly relates to the other cases challenging Executive Order No. 14,251.

## CONCLUSION

For the reasons set forth above, the Court should overrule Defendants' Objection to Notice of Relatedness.

DATED: September 26, 2025      Respectfully submitted,

                  By:   */s/ Richard J. Hirn*
                         Richard J. Hirn
                         D.C. Bar No. 291849
                         5335 Wisconsin Ave., NW, Suite 440
                         Washington, D.C. 20015
                         (202) 274-1812
                         richard@hirnlaw.com

                         *General Counsel*
                         *National Weather Service Employees Organization*

                         *General Counsel*
                         *Patent Office Professional Association*

                         Keith R. Bolek
                         Bar No. 463129
                         April H. Pullium
                         Bar No. 198026

                                  O'Donoghue & O'Donoghue LLP
                                  5301 Wisconsin Avenue, Suite 800
                                  Washington, D.C. 20015
                                  (202) 362-0041
                                  kbolek@odonoghuelaw.com
                                  apullium@odonoghuelaw.com

*Counsel for Plaintiffs*