

# United States Patent and Trademark Office

*Office of the Chief Administrative Officer*

| | |
|---|---|
| TO: | Patricia Duffy<br>President, POPA |
| FROM: | Benjamin K. Ahlstrom<br>Acting Deputy Director<br>Office of Human Resources |
| DATE: | August 28, 2025 |
| RE: | Executive Order dated August 28, 2025 |

As set forth in Executive Order, *Further Exclusions from the Federal Labor-Management Program*, issued on August 28, 2025, the President has determined that the United States Patent and Trademark Office (USPTO or the Agency), Office of the Commissioner for Patents (Patents) "has as a primary function intelligence, counterintelligence, investigative, or national security work" and therefore is no longer subject to the Federal Service Labor-Management Relations Statute, United States Code Title 5, Chapter 71 (the Statute).[1] This builds upon the President's prior determination in Executive Order, *Exclusions from Federal Labor-Management Relations Programs,* issued on March 27, 2025, that Office of the Chief Information Officer (OCIO) business units for "each Executive department listed in section 101 of Title 5, United States Code," which includes the Department of Commerce (DOC), as well as its subdivisions such as the USPTO, also "have as a primary function intelligence, counterintelligence, investigative, or national security work" and are no longer subject to the Statute.

The Agency will no longer recognize POPA as the exclusive representative for any employees in Patents and OCIO.

In alignment with the Office of Personnel Management (OPM) *Guidance on Executive Order Exclusions from Federal Labor-Management Programs (Exclusions)*, dated March 27, 2025, the Agency will terminate payroll deductions of union dues for employees in Patents and OCIO who are no longer in the bargaining unit as soon as practicable under 5 U.S.C. § 7115.

In addition, although the Agency recognizes that POPA may choose to have Patents and/or OCIO employees continue to serve as union representatives going forward, Patents and OCIO employees will no longer be entitled to "official time," described in 5 U.S.C. § 7131 to carry out their representational duties since they are no longer bargaining unit employees or covered by the CBA. As the Federal Labor Relations Authority (FLRA) has held, official time may only be given to employees who are members of the same bargaining unit as the employees they are

---

[1] The President exercises this authority under 5 U.S.C. § 7103(b)(1) of the Statute. In addition, the Agency notes that primary patent examiners, i.e., those individuals with full signatory authority to sign all types of office actions, are appropriately excluded from the bargaining unit as management officials under 5 U.S.C. § 7112(b)(1).

representing. *See e.g., Federal Aviation Administration, Anchorage, Alaska*, 61 FLRA 176 (2005); *Naval Weapons Station, Yorktown, VA*, 55 FLRA 112 (1999).

The Agency will discontinue its participation in grievance and arbitration procedures arising under the Statute involving disputes brought on behalf of employees in Patents and/or OCIO, including those matters currently pending before a grievance official and/or arbitrator. Should non-bargaining Patents and/or OCIO employees wish to request personal relief in a matter of concern or dissatisfaction regarding their employment, they may, instead, avail themselves of the Agency's Administrative Grievance Procedures as set forth in [Agency Administrative Order (AAO) 202-18](#) or another existing procedure available to non-bargaining unit employees.

The Agency has already notified impacted employees. Please let me know if you have any questions.

By Email

cc:   Gabriel Chu, Vice President, POPA
      David Shewchuk, Deputy General Counsel
      Kathryn Siehndel, Senior Counsel
      Anne Mendez, Acting Chief Administrative Officer