UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WEATHER SERVICE EMPLOYEES ORGANIZATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.<br><br>Defendants. | Civil Action No. 25-2947 (PLF) |

**DEFENDANTS' MOTION FOR CLARIFICATION, FOR EXTENSION OF TIME, AND TO VACATE NOVEMBER 14, 2025, HEARING**

This lawsuit was filed on September 19, 2025, principally challenging an Executive Order issued August 28, 2025, specifically, Executive Order 14,343, *Further Exclusions from the Federal Labor-Management Relations Program*, as *ultra vires* and a violation of the First and Fifth Amendments. Compl. ¶ 40; *id.* at 23-29. Over one-month later, on October 24, 2025, Plaintiffs filed a motion for preliminary injunction supported by five declarations.

By Minute Order dated October 27, 2025, the Court directed the parties to file a joint status report on or before November 7, 2025, that included the following: "(1) proposed dates for an oral argument on plaintiffs' motion; (2) proposed deadlines for defendants' response to plaintiffs' motion for preliminary injunction and plaintiffs' reply in view of the oral argument dates proposed; (3) the parties' positions on whether it would be more efficient to proceed directly to the merits of the case on an expedited summary judgment briefing schedule; and (4) if the parties agree to move directly to summary judgment, a proposed schedule for expedited summary judgment briefing." Implicit in that Order was that the government's deadline to respond to the motion for preliminary injunction—which otherwise would be October 31, 2025, pursuant to Local Civil Rule 65.1(c)—

was extended until further order of the Court following submission of the status report. Indeed, this Court has issued similar orders in other similar cases that have been designated as related to this case. *See, e.g.,* Minute Order of August 25, 2025, *AFLCIO v. Trump*, Case No. 25-2445; Minute Order of September 22, 2025, *AFSCME v. Trump*, Case No. 25-3306. In none of those cases did the Court set a schedule for the government's opposition or the hearing until after the parties conferred and submitted a joint status report with proposed dates for the Court's consideration.

Notwithstanding the October 27, 2025, Minute Order, and without revising or vacating it, the Court issued another Minute Order just hours ago advising that the Court would hold oral argument on Plaintiffs' preliminary injunction motion on November 14, 2025. That order was entered without the parties having the opportunity to submit the previously ordered Joint Status Report. The October 31, 2025, Minute Order is highly prejudicial to the government as explained below, and the November 14, 2025 hearing date contained in that order should be vacated and the Court instead should permit the parties to proceed as directed in the October 27, 2025, Minute Order.

In light of the current lapse in appropriations, the government currently has limited resources to litigate civil matters that are not covered by the Chief Judge's October 1, 2025, Standing Order No. 25-55, such as Plaintiffs' motion for preliminary injunction. This pertains to both Department of Justice attorneys as well as agency subject matter experts who will need to be consulted as part of the process of preparing a preliminary injunction opposition, including the preparation of any supporting declarations. Further, in prioritizing these limited resources and other competing commitments, the government reasonably relied on the Court's October 27, 2025, Minute Order, and the implied extension contained in that order. Specifically, the government

understood from the October 27, 2025, Minute Order that its response to Plaintiffs' preliminary injunction motion would not be due until sometime after the parties submitted the Joint Status Report and that the Court would consider the parties' respective proposals as well as the lapse in appropriations before establishing a briefing schedule and setting a date for oral argument. The government thus prioritized its limited resources accordingly. Now, by setting oral argument on November 14, 2025, the Court has compressed the period to complete briefing on the preliminary injunction motion at a time when government resources are limited and the government already has relied to its detriment on the Court's prior order by prioritizing other matters. For instance, the undersigned was recalled from furlough on October 28, 2025, to work on this matter; however, the undersigned relied on the Court's October 27, 2025, Minute Order by prioritizing the preparation for oral argument in another matter in the D.C. Circuit scheduled for November 4, 2025.[1]

In light of the above, Defendants respectfully request that the Court vacate the November 14, 2025, hearing date and allow the parties to proceed pursuant to the October 27, 2025, Minute Order. Further, out of an abundance of caution, Defendants also request an extension of their deadline to respond to the motion for preliminary injunction until further order of the Court following the parties' submission of the Joint Status Report on November 7, 2025.

Pursuant to Local Rule 7(m), undersigned counsel for Defendants conferred by telephone with Plaintiffs' counsel on the relief requested in this motion. Counsel for Plaintiffs has advised that he opposes vacating the November 14, 2025, hearing date or an extension of the government's opposition deadline pending further order of the Court following the parties' submission of the

---

[1] At the end of the day on September 30, 2025, the appropriations funding the Justice Department expired, and thus, the Department's attorneys are generally prohibited from working except in very limited circumstances. *See* 31 U.S.C. § 1342.

Joint Status Report on November 7, 2025.  Counsel for Plaintiffs has advised, however, that he would consent to an extension of the opposition deadline to November 6, 2025, provided Plaintiffs are afforded until November 12, 2025, to file their reply brief.

For reasons stated above, such a proposed briefing schedule would be highly prejudicial to the government.  In contrast, Plaintiffs would not be prejudiced by the parties proceeding as set forth in the October 27, 2025, Minute Order.  In particular, Plaintiffs neither sought relief from the Court's October 27 Minute Order nor explained how submitting a Joint Status Report on November 7, 2025 with a proposed schedule and hearing date would cause them undue prejudice.  In any event, Plaintiffs waited over one-month to file their motion for preliminary injunction and, in light of disruptions caused by the current lapse in appropriations, would not be prejudiced were the Court to vacate the November 14, 2025, hearing date and set the hearing for a later date after receiving the parties' Joint Status Report on November 7, 2025, with proposed briefing schedule and hearing date. A proposed order is attached.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Jeremy S. Simon*
JEREMY S. SIMON, D.C. Bar #447956
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov

*Attorneys for the United States of America*