IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL WEATHER SERVICE<br>SERVICE EMPLOYEES ORGANIZATION, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-02947-PLF |

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION FOR CLARIFICATION, FOR EXTENSION OF TIME,
AND TO VACATE NOVEMBER 14, 2025, HEARING**

This Court has scheduled oral argument on Plaintiffs' Motion for a Preliminary Injunction, to be held on November 14, 2025, at 2:00 p.m. Minute Order (Oct. 31, 2025). The Court selected this argument date and time for good reason. November 14 – the hearing date Plaintiffs' motion requested, ECF No. 17-1 – is twenty-one days after the date Plaintiffs filed their motion and thus is the latest hearing date presumptively permitted by Local Rule 65.1(d). ("[A] hearing on an application for preliminary injunction shall be set by the Court no later than 21 days after its filing, unless the Court earlier decides the motion on the papers or makes a finding that a later hearing date will not prejudice the parties"). More importantly, the Court also has scheduled oral argument on a preliminary injunction motion in the related case of *AFSCME v. Trump*, No. 1:25-cv-3306, at 10:00 a.m. on November 14. Minute Order, No. 1:25-cv-3306 (Oct. 27, 2025); *see also* Opinion and Order Overruling Objection to Notice of Relatedness, ECF No. 29, No. 1:25-cv-3306 (Oct. 7, 2025) (finding that *AFSCME v. Trump* is related to this case and other cases challenging Executive

Order 14,251 and/or Executive Order 14,343). The Court's decision to hear arguments on motions raising the same issues in related cases on the same day is an efficient and sensible use of the Court's power to manage its docket.

Defendants have filed a motion asking the Court to vacate the hearing date it intentionally selected, and to extend Defendants' time to file a brief, on the ground that Defendants' counsel assumed he did not need to begin drafting a response until after the Court considered the proposed briefing schedule to be submitted by the parties on November 7. Defs.' Mot. to Vacate ("Defs.' Mot."), ECF No. 19, at 2-3. The Court should deny Defendants' motion.

Plaintiffs filed their preliminary injunction motion on October 24, 2025. As Defendants acknowledge, the default deadline for a response to that motion under this Court's Local Rules would be October 31, 2025. Defs.' Mot. at 2; *see also* LCvR. 65.1(c). The Court's Standing Order 25-55, which stays *some* deadlines for filings by the government because of the lapse in appropriations, expressly provides that the government nevertheless must respond to motions for preliminary injunctions under the usual deadlines. Standing Order 25-55 at 3. This is for good reason, as preliminary injunctions are issued to prevent irreparable harms that worsen with the passage of time. Plaintiffs face irreparable harm here for the reasons set forth in their motion papers. ECF No. 15-1 at 37-41.

Defendants claim that their ability to respond to Plaintiffs' preliminary injunction motion is "limited" and that Defendants' attorneys "are generally prohibited from working except in very limited circumstances" during the lapse in appropriations. Defs.' Mot. at 2-3 & 3 n.2. But the Department of Justice has acknowledged that its attorneys are authorized to comply with court-ordered deadlines, such as the deadline to respond to the preliminary injunction motion and the Court's October 27 order requiring the parties to submit a joint status report. See U.S. DOJ FY

2

2026 Contingency Plan (Sept. 29, 2025) at 3, available at https://www.justice.gov/jmd/media/1377216/dl ("Litigators will approach the courts and request that active cases, except for those in which a delay would compromise to a significant degree the safety of human life or the protection of property, be postponed until funding is available. If a court denies such a request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue."). As Defendants acknowledge, their counsel "was recalled from furlough on October 28, 2025 *to work on this matter*." Defs.' Mot. at 3 (emphasis added). The fact that Defendants' counsel chose to "prioritize[e]…another matter" instead of working on this one does not require this Court to rearrange its hearing schedule. *Id.*

Defendants claim that in deciding to postpone their preparation of a response brief, they relied on the Court's October 27 Order, which set a November 7 deadline for the parties to submit a joint status report with a proposed briefing schedule and oral argument dates. *Id.* Any such reliance was not reasonable. Plaintiffs' motion requested a November 14 oral argument date – the very same date that presumptively applies under the local rules, and that the Court has now scheduled. *See supra* at 1. Defendants should have anticipated that Plaintiffs would propose a briefing schedule that permitted oral argument to be heard on or around November 14, and that the Court could choose to schedule argument on that date.

Indeed, before Defendants filed the instant motion, Plaintiffs informed Defendants that Plaintiffs would agree to a briefing schedule with a deadline of November 6, 2025 for Defendants' opposition brief and November 12, 2025 for Plaintiffs' reply brief. Defs.' Mot. at 4. Defendants unreasonably rejected that offer (which would have given Defendants an extension of nearly a

3

week from the deadline set forth in the local rules, but reduced Plaintiffs' time to file their reply by one day). *See* LCvR. 47(d); 65.1(c).

Plaintiffs therefore respectfully request that the Court deny Defendants' motion, hold oral argument as originally scheduled on November 14, and issue an order setting November 6 and November 12 as the deadlines for the opposition and reply briefs.[1]

Dated: November 3, 2025

                                               Respectfully submitted,

By:    */s/ Richard J. Hirn*
          Richard J. Hirn
          D.C. Bar No. 291849
          5335 Wisconsin Ave., NW, Suite 440
          Washington, D.C. 20015
          (202) 274-1812
          richard@hirnlaw.com

          */s/ April H. Pullium*
          Keith R. Bolek
          Bar No. 463129
          April H. Pullium
          Bar No. 198026
          O'Donoghue & O'Donoghue LLP
          5301 Wisconsin Avenue, Suite 800
          Washington, D.C. 20015
          (202) 362-0041
          kbolek@odonoghuelaw.com
          apullium@odonoghuelaw.com

---

[1] If the Court chooses to vacate the November 14 hearing date, Plaintiffs are available any day during the week of November 17 for a hearing, and request at least three business days following the filing of Defendants' opposition brief for Plaintiffs to file their reply brief.