UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WEATHER SERVICE EMPLOYEES ORGANIZATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, et al. <br><br> Defendants. | Civil Action No. 25-2947 (PLF) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION, FOR EXTENSION OF TIME, AND TO VACATE NOVEMBER 14, 2025, HEARING**

In the entirety of their opposition to Defendants' motion, Plaintiffs have failed to explain how they would be prejudiced were the Court to vacate the November 14, 2025 hearing date set forth in the October 31, 2025 Order and revert to the procedure set forth in the October 27, 2025 Order, which is a procedure that has allowed for the orderly setting of briefing schedules and hearing dates for preliminary injunction motions filed in cases that have been designated as related to this case. Having waited seven weeks to file their motion for preliminary injunction, Plaintiffs are in no position to characterize that procedure as prejudicial to them and have not done so beyond a generic reference to their preliminary injunction motion. Opp'n (ECF No. 20) at 2.

Plaintiffs, moreover, never sought relief from the October 27, 2025 Order and, until the October 31, 2025 Order issued, never gave the government any indication that they would propose a schedule whereby the government's brief would be due before the November 7 status report. Indeed, on the morning of October 31, 2025, Plaintiffs' attorney left a voicemail for undersigned counsel to, in his words, "begin a conversation with you about development of the joint status

report which is due a week from today." Before that dialogue could begin, however, the Court issued the October 31, 2025 Order and only then did Plaintiffs' counsel demand expedited briefing.

That demand was made as part of the Local Rule 7(m) conferral on Defendants' instant motion. It was in that conferral, and specifically in response to defense counsel's request for Plaintiffs' position on the relief requested in the instant motion, that Plaintiffs "informed Defendants that Plaintiffs would agree to a briefing schedule with deadline of November 6, 2025, for Defendants' opposition brief." Opp'n (ECF No. 20) at 3. That was not a proposal that Plaintiffs' counsel made prior to the October 31, 2025 Order or that he gave any indication would be made in the voicemail that was left the morning of October 31, 2025, prior to the Court's issuance of the October 31, 2025 Order.

Finally, contrary to Plaintiffs' assertion, it was entirely reasonable for the government to rely on the Court's October 27, 2025 Order in making staffing decisions for this case and in prioritizing competing case commitments in the context of the ongoing lapse in appropriations. Undersigned counsel for the government had an oral argument on November 4, 2025, before the D.C. Circuit that counsel needed to prepare for during the week of October 27, 2025. The decision to recall undersigned counsel to work on this matter despite that existing case commitment was influenced by the October 27, 2025 Order. Plaintiffs are now seeking to take advantage of the government's justifiable reliance on a Court order to impose an unfair schedule on the government despite the leisurely pace (seven weeks) that Plaintiffs took to prepare their filing.

- 3 -

For these reasons, and those set forth in Defendants' motion, the Court should vacate the November 14, 2025 hearing date, allow the parties to proceed as originally ordered on October 27, 2025, and grant the requested extension.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: <u>*/s/ Jeremy S. Simon*</u>
    JEREMY S. SIMON, D.C. Bar #447956
    Assistant United States Attorney
    601 D. Street, N.W.
    Washington, D.C. 20530
    (202) 252-2528
    Jeremy.Simon@usdoj.gov

*Attorneys for the United States of America*