UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WEATHER SERVICE EMPLOYEES ORGANIZATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, et al. <br><br> Defendants. | Civil Action No. 25-2947 (PLF) |

**DEFENDANTS' MOTION FOR LEAVE TO SUBMIT DECLARATION EX PARTE, IN CAMERA IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

Defendants, by and through undersigned counsel, move that they be permitted to submit an ex parte, in camera declaration in support of Defendants' opposition to Plaintiffs' motion for preliminary injunction. As grounds for this motion, Defendants state as follows.

This lawsuit was filed on September 2, 2025, principally challenging an Executive Order issued August 28, 2025, specifically, Executive Order 14,343, *Further Exclusions from the Federal Labor-Management Relations Program*, which made the required determinations under 5 U.S.C. § 7103(b)(1) to exclude the agencies and agency subdivisions identified in the Order from Chapter 71 of the Federal Service Labor-Management Relations Statute ("FSLMRS"), 5 U.S.C. §§ 7107–35. As is relevant here, the Order excluded certain subdivisions of the Department of Commerce, specifically, the National Weather Service and the National Environmental Satellite, Data, and Information Service, and the Office of the Commissioner for Patents and subordinate units, Patent and Trademark Office (the "Patent Office"), a division of the United States Patent and Trademark Office ("USPTO").

Section 7103(b)(1) provides that the President may issue an Executive Order excluding an agency or agency subdivision from coverage under the FSLMRS if the President determines that "(A) the agency or subdivision has as a primary function intelligence, counterintelligence, investigative, or national security work, and (B) the provisions of [the FSLMRS] cannot be applied to that agency or subdivision in a manner consistent with national security requirements and considerations."  5 U.S.C. § 7103(b)(1).

In Defendants' opposition to Plaintiffs' motion for preliminary injunction, Defendants argue that, even assuming that this Court can look behind the facially-neutral Executive Order to determine whether the agency subdivisions at issue were properly excluded, the President's determinations withstand scrutiny.  In that regard, Defendants have filed with their opposition two declarations, including one by the USPTO that addresses the national security function of the agency subdivisions at issue.

To elaborate on the discussion of the national security function of the Patent Office addressed in USPTO's publicly filed declaration (ECF No. 23-2), Defendants seek leave to submit an *in camera*, *ex parte* classified declaration.  The sensitive and classified information that would be contained in the declaration cannot be publicly filed or shared with opposing counsel without compromising the interests of national security. Accordingly, the declaration can only be submitted to the Court *in camera* and *ex parte*.

The Court has inherent authority to examine the information that would be contained in such a declaration as part of Defendants' opposition to Plaintiffs' motion for preliminary injunction.  *See Jiffry v. Federal Aviation Admin.,* 370 F.3d 1174, 1182 (D.C. Cir. 2004) ("the court has inherent authority to review classified material *ex parte, in camera* as part of its judicial review function").  For instance, this procedure has been employed in Freedom of Information Act

cases involving the application of Exemption 1, the exemption addressed to national security information. *See, e.g., Montgomery v. IRS*, 40 F. 4th 702, 713-14 (D.C. Cir. 2022) (recognizing that *in camera* declarations are permissible under FOIA "'when (1) the validity of the government's assertion of exemption cannot be evaluated without information beyond that contained in the public affidavits and in the records themselves, and (2) public disclosure of that information would compromise the secrecy asserted.'"); *Rosenberg v. U.S. Dep't of Immigr. Customs & Enforcement*, 13 F. Supp. 3d 92, 109-10 (D.D.C. 2014) (proper for agency to supplement its explanation for a claimed FOIA exemption through an *in camera*, *ex parte* submission). This procedure also has been employed in other contexts where classified declarations are submitted in litigation to defend challenged government action. *See, e.g., Abdollahi v. National Iranian Tanker Company*, Civ. A. No. 19-3688 (ABJ) (D.D.C.), Order (ECF No. 28) at 3 (permitting the government to submit an *in camera*, *ex parte* declaration explaining why records requested in a subpoena are classified).

Accordingly, given the "national security" determinations in Section 7103(b)(1) at issue in this case, and the question raised by Plaintiffs' motion for preliminary injunction as to whether the Patent Office has national security work as a primary function, Defendants seek leave for the USPTO to submit an *in camera*, *ex parte* declaration. As the hearing on Plaintiffs' motion for preliminary injunction is scheduled for December 10, 2025, USPTO plans to deliver today an *ex parte, in camera* declaration to the appropriate court liaison to facilitate the Court's access to the declaration pending ruling on this motion.

Pursuant to Local Rule 7(m), the undersigned counsel has conferred with counsel for Plaintiffs regarding the relief requested in this motion. Plaintiffs' counsel has advised that

Plaintiffs oppose this motion to the extent it seeks to submit the declaration *ex parte*, *in camera*.

A proposed order is attached.

                                        Respectfully submitted,

                                        JEANINE FERRIS PIRRO
                                        United States Attorney

                                        By: */s/ Jeremy S. Simon*
                                              JEREMY S. SIMON, D.C. Bar #447956
                                              Assistant United States Attorney
                                              601 D. Street, N.W.
                                              Washington, D.C. 20530
                                              (202) 252-2528
                                              Jeremy.Simon@usdoj.gov

                                        *Attorneys for the United States of America*